JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Thomas Bostic, appeals from the trial court's acceptance of his guilty plea and the subsequent prison sentence imposed. Bostic argues that he was not properly informed by the trial court about post-release control at his plea hearing, and the prison sentence imposed by the trial court was contrary to law. After reviewing the arguments of the parties and for the reasons set forth below, we affirm the conviction.
 {¶ 2} Bostic was indicted on one count of menacing by stalking for repeatedly harassing a former female coworker, causing her mental distress and making her believe that he would eventually harm her. The victim claimed that Bostic watched her from the bushes at her place of employment, followed her to the daycare center where she picked up her son, and left gifts and greeting cards on her car. The victim tried various ways to dissuade Bostic's advances, but all failed. The victim had seen Bostic acting violently and feared for her safety.
 {¶ 3} On April 22, 2004, Bostic pleaded guilty to an amended charge of attempted menacing by stalking, in violation of R.C. 2903.211 and 2923.02, a fifth-degree felony. The trial court conducted a Crim.R. 11 hearing and accepted Bostic's guilty plea. On May 19, 2004, the trial court reviewed Bostic's prior record and read a letter written by the victim. The record reveals that Bostic had prior convictions for trespassing (1992), making harassing phone calls (1993), a misdemeanor conviction for menacing by stalking (1993), and a felony conviction for telephone harassment (1995), for which Bostic violated his sentence of probation and served eighteen months in prison.
 {¶ 4} The trial court proceeded to sentence Bostic to eleven months in prison, one month short of the maximum sentence. When leaving the courtroom, Bostic shouted to the victim in a menacing way, "I cared." Upon hearing this comment, the trial court ordered the deputies to bring Bostic back to the bench. The trial judge stated he had made a mistake in sentencing Bostic to eleven months. He then proceeded to find that Bostic had committed the worst form of the offense and sentenced him to the maximum sentence of twelve months.
 {¶ 5} Bostic ("appellant") now appeals his conviction and sentence alleging five assignments of error for our review.
 {¶ 6} "I. The trial court erred when it increased the sentence from 11 months to 12 months.
 {¶ 7} "II. The trial court was required to impose a term of community control sanctions.
 {¶ 8} "III. The trial court failed to adequately ensure that its total sentence was proportionate to sentences being given to similarly situated offenders who have committed similar offenses.
 {¶ 9} "IV. The trial court erred when it incorrectly advised Mr. Bostic of the consequences attendant to the imposition of a term of post-release control.
 {¶ 10} "V. The plea of guilty was not knowingly, voluntarily and intelligently entered when Mr. Bostic was not advised that he had a right to testify at trial."
 {¶ 11} In appellant's arguments to this court, he seeks the following relief:
 {¶ 12} "Wherefore, pursuant to Assignments of Error I, II, and III, respectively, the sentence must be vacated and the case remanded for resentencing. Pursuant to Assignment of Error IV, the post-release control term must be vacated. Pursuant to Assignment of Error V, the pleas must be vacated and case remanded for trial."
 {¶ 13} After reviewing these five assignments of error, along with the record and relevant law, this court finds appellant's contentions in assignments I, II, III, and IV to be moot as a matter of law and assignment V to be without merit. Thus, the plea and conviction are affirmed, and appellant's arguments as to sentencing and post-release control instructions are moot.
 {¶ 14} This court will first address the sole non-moot issue on appeal, assignment V. Here, appellant claims that his plea was not knowingly, voluntarily, and intelligently entered because he was not properly advised of his right to testify at trial. However, the record indicates that appellant was sufficiently advised of his trial rights.
 {¶ 15} What is specifically at issue here is whether the trial court sufficiently adhered to Crim.R. 11 in instructing appellant of his trial rights before entering a plea. In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his plea of guilty. Such a determination is made through an oral dialogue between the trial court and the defendant who is pleading guilty.
 {¶ 16} "Adherence to the provisions of Crim.R. 11(C)(1) requires anoral dialogue between the trial court and the defendant which enables thecourt to determine fully the defendant's understanding of theconsequences of his plea of guilty or no contest." State v. Caudill
(1976), 48 Ohio St.2d 343, paragraph 2 of the syllabus. (Emphasis added.)
 {¶ 17} In addition, the Supreme Court of Ohio has established that a trial court, in accepting a guilty plea, need only substantially comply with the mandates of Crim.R. 11(C) in regard to nonconstitutional rights. State v. Stewart (1977), 51 Ohio St.2d 86, at 92.
 {¶ 18} Literal compliance with Crim.R. 11 is the preferred practice. However, the fact that the trial court did not strictly comply with Crim.R. 11 does not compel vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. Statev. Nero (1990), 56 Ohio St.3d 106. In Nero, the Ohio Supreme Court stated:
 {¶ 19} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Stewart, supra; State v. Carter
(1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 963. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.Stewart, supra, at 93, 5 O.O.3d at 5676, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made." Id. at 108.
 {¶ 20} In the case at bar, it is clear from the record that the trial court did "substantially comply" with Crim.R. 11. The pertinent portion of the plea hearing transcript reveals that the trial judge explained to the appellant, "You do not have to take the stand at trial. You have a right not to testify. The State cannot use your silence against you at trial. * * * You have the right to bring in your own witnesses to testify at your trial." This explanation substantially made it clear to the appellant that the decision to testify or not was his to make. Therefore, there was clearly substantial compliance with Crim.R. 11 here. Thus, appellant's fifth assignment of error is without merit and his conviction is affirmed.
 {¶ 21} Appellant's remaining four assignments of error are moot as a matter of law. Assignments I, II, and III deal with the appropriateness and length of appellant's sentence pursuant to his guilty plea. The sentence was imposed on May 19, 2004 for a period of 12 months, with 123 days credit for time served. Thus, appellant's sentence was completed on January 16, 2005. The hearing on this appeal occurred on April 6, 2005. Any appeal of a sentence already served is moot. State v. Barcomb,
Cuyahoga App. No. 80196, 2002-Ohio-4435, citing State v. Pompei (2001), Cuyahoga App. No. 79541; State v. Smith, Lake App. No. 2000-L-195, 2002-Ohio-1330; State v. Beamon, Lake App. No. 2000-L-160, 2001-Ohio-8712.
 {¶ 22} "If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of the sentence in the absence of a reversal of the underlying conviction. Therefore, appellant's assertion that the trial court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue." Beamon, supra.
 {¶ 23} Thus, since appellant has likewise completed his entire sentence, his assignments of error concerning sentencing are now moot.
 {¶ 24} Finally, appellant also claims that the trial court failed to properly inform him about the consequences of violating post-release control, causing him to enter a guilty plea without full knowledge of all the potential penalties he was subject to, in violation of Crim.R. 11. While this court believes that there is merit to appellant's contention here, the record indicates that appellant was ultimately never subjected to post-release control.[1] The adult parole authority never imposed post-release control upon appellant once his prison sentence expired, nor can post-release control now be imposed upon appellant for the underlying conviction. Thus, this final assignment of error is moot as well.
 {¶ 25} Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. State v. Jordan,104 Ohio St.3d 21, 28, 2004-Ohio-6085, 817 N.E.2d 864, Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103. A trial court's lack of notification regarding post-release control during a plea hearing could in some instances form a basis to vacate a plea. Jordan, supra. Without an adequate explanation of post-release control from the trial court, a defendant could not fully understand the consequences of his plea, as required by Crim.R. 11(C). State v. Jones (May 24, 2001), Cuyahoga App. No. 77657; see, also, State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344, paragraph 10.
 {¶ 26} Moreover, R.C. 2929.19(B)(3)(e) requires the trial court to "notify the offender that, if a period of supervision is imposed following the offender's release from prison, * * * if the offender
 {¶ 27} violates that supervision or a condition of post-release control imposed * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originallyimposed upon the offender." (Emphasis added.)
 {¶ 28} In the instant matter, the following exchange occurred between the trial court and the appellant at the plea hearing:
 {¶ 29} "THE COURT: In the event that you are incarcerated, upon the completion of your sentence you may be on a period of PRC that can last up to three years in your case. If you violate your PRC, the parole board can terminate your post release control and order that you serve an additional period of time in prison. That additional period of time wouldbe as much as three years more. Do you understand that?
 {¶ 30} "DEFENDANT: Yes." (Tr. at 7-8.)
 {¶ 31} Later, at the sentencing hearing, the following exchange took place:
 {¶ 32} "THE COURT: Upon completion of your prison term, it is my sincere hope and recommendation that you be placed on post release control for the maximum period of three years. If you violate your postrelease control, you will be ordered to serve additional prison time thatcan be as much as the remaining time on post release control. * * *" (Emphasis added; Tr. at 16.)
 {¶ 33} Thus, upon reviewing the record, it is apparent that the trial court informed the appellant at the plea hearing that he would be subject to post-release control; however, the court failed to inform the appellant of the proper consequences of violating post-release control, as required by R.C. 2929.19(B)(3)(e) and R.C. 2943.032(E). The trial court's explanation would have led the appellant to believe that if he violated his post-release control, he could face an additional three years in prison. This explanation was incorrect; the maximum prison time the appellant could receive for violating post-release control, given his twelve-month prison sentence, would have been six months, or up to one-half of his original sentence.
 {¶ 34} This court, therefore, admonishes the trial court for its inaccurate explanation of post-release control sanctions in this case. However, the trial court's error here is rendered moot. Appellant was never subjected to post-release control; thus, there is no relief that can be granted by this court.
 {¶ 35} Accordingly, this court affirms the underlying plea and conviction as it pertains to appellant's fifth assignment of error. The appellant's remaining assignments of error are moot.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and McMonagle, J., Concur.
[1] Counsel admitted at oral argument that appellant was not placed on post-release control.