JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the sentence imposed by the trial court. For the reasons that follow, we dismiss this appeal as moot.
 {¶ 2} On July 21, 2004, defendant pled guilty to amended indictments in two cases: Case No. CR-380201, possession of drugs[1] in violation of R.C. 2925.11 and Case No. CR-403324, preparation of drugs for sale[2] in violation of R.C. 2925.07. Both offenses are fifth degree felonies.
 {¶ 3} Defendant was sentenced on August 18, 2004. He received a six-month prison term in each case. Both sentences were run concurrent to one another. After sentencing, defendant filed this appeal in which he presents a single assignment of error:
The trial court erred by imposing a prison sentence for a felony of the fifth degree without first making the proper findings.
 {¶ 4} Defendant argues that his six-month sentence is infirm because the trial court failed to make the required findings set forth in R.C. 2929.13(B). Before addressing the merits of defendant's sole assignment of error, however, we must first determine the viability of this appeal.
"Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."
State v. Hardwick, Cuyahoga App. No. 83604, 2004-Ohio-5857, at ¶ 5, citing State v. Wilson (1975), 41 Ohio St.2d 236,325 N.E.2d 236, at syllabus.
 {¶ 5} When a defendant has already served his sentence, any issue related to that sentence on appeal is moot. State v.Barcomb, Cuyahoga App. No. 80196, 2002-Ohio-4435, citing Statev. Pompei Cuyahoga App. No. 79541, 2001 Ohio App. LEXIS 5052, at *2-3.
 {¶ 6} "If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of the sentence in the absence of a reversal of the underlying conviction. * * * [And] no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue." State v. Bostic, Cuyahoga App. No. 84842, 2005-Ohio-2184, at ¶ 22.
 {¶ 7} In the case at bar, defendant is not appealing any issue related to his underlying conviction. He is appealing only the length of the sentences he received.
 {¶ 8} Defendant received two concurrent six-month sentences. He started serving those sentences on August 23, 2004. According to the state, defendant completed his six-month term on February 10, 2005. Following Hardwick, therefore, because defendant has already served his sentence, his sole assignment of error, which is related exclusively to the sentences he received, is now moot.
 {¶ 9} Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Rocco, J., concur.
[1] Twenty-one (21) rocks of crack cocaine.
[2] Sixty rocks (60) of crack cocaine.