[Cite as *State v. Popov*, 2011-Ohio-372.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA26 |
| Plaintiff-Appellee, | : | |
| | | MEMORANDUM |
| v. | : | DECISION AND |
| | | JUDGMENT ENTRY |
| Ivan P. Popov, | : | |
| | | RELEASED 1/20/11 |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Ivan P. Popov, Ross Correctional Institution, Chillicothe, Ohio, pro se appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Robert C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}    Ivan Popov appeals from his prison sentence for violations of community control sanctions.  The court convicted Popov of robbery and sentenced him to a four-year prison term.  It later granted his request for early judicial release, contingent upon completing six months of electronically monitored house arrest and five years of community control sanctions.  After Popov violated community control sanctions by operating a vehicle under the influence, the court sentenced him to a 20-month prison term.

{¶2}    Popov raises three assignments of error in this appeal.  In his third assignment of error, he contends the trial court erred by failing to inform him of his right to appeal from the imposition of the 20-month prison term.  Assuming that the court did err in this regard, our granting of his motion for a delayed appeal renders this assignment moot.

{¶3}    In his first assignment of error, Popov argues that he was entitled to credit for all time served under court ordered electronically monitored house arrest.  In his second assignment of error, he contends that the trial court erred by denying him the right to present "evidence" in support of this argument at a hearing on community control sanctions.  However, Popov has been released from prison.  Because both assignments of error involve issues relating to the length of his sentence, which carries no collateral consequences, we consider whether they are moot.

{¶4}    It is appropriate to consider evidence outside the appellate record in determining whether an appeal is moot or justiciable.  An event that causes a case to become moot may be proved by extrinsic evidence. *Miner v. Witt* (1910), 82 Ohio St. 237, 239, 92 N.E. 21 (per curiam); see also *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92 (per curiam); *State v. McCall,* Mahoning App. No. 03 MA 82, 2004-Ohio-4026, at ¶7.  Our review of the Ohio Department of Corrections website at http://www.drc.ohio.gov/OffenderSearch/Search.aspx reveals that the state released Popov from prison on September 20, 2010.  Then on September 22, 2010, the state placed Popov on six months of APA supervision, i.e., postrelease control, which is set to expire on or about March 22, 2011.

{¶5}    An appeal challenging a felony conviction is justiciable, i.e., not moot, even if the defendant has served sentence because the defendant "has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." *State v. Golston*, 71 Ohio St.3d 224, 1994-Ohio-109, 643 N.E.2d 109, at paragraph one of the syllabus.

**{¶6}** However, the same logic does not apply where the defendant is solely appealing the length of sentence. An appeal challenging only the length of a sentence becomes moot after the defendant has served the sentence. *State v. Adams*, Cuyahoga App. No. 85267, 2005-Ohio-3837, at ¶5; see, also *State v. Howard* (Feb. 26, 1991), Scioto App. No. 89CA1840, 1991 WL 28326, at *3. This is because when the defendant has served his punishment, "there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of the sentence in the absence of a reversal of the underlying conviction. * * * [A]nd no relief can be granted * * * subsequent to the completion of the sentence if the underlying conviction itself is not at issue." *State v. Bostic,* Cuyahoga App. No. 84842, 2005-Ohio-2184, at ¶22, quoting *State v. Beamon*, Lake App. No. 2000-L-160, 2001-Ohio-8712, 2001 WL 1602656, at *1.

**{¶7}** Here, Popov served his prison sentence. The only aspect of his felony sentence that he challenges on appeal is the number of days that the trial court should have credited towards his 20-month sentence. Thus, he is not challenging the court's right to impose a sentence for a violation of community control; he merely questions the correct calculation of jail-time credit. An appeal in his favor on the jail-time credit issue would grant him no relief as the state has already released him from prison.

**{¶8}** Although the state released Popov, he is currently serving a term of postrelease control, until March of 2011. An examination of the postrelease control statute demonstrates that it does not render Popov's appeal in this case justiciable. A period of postrelease control is required for certain level felonies in Ohio. R.C. 2967.28(B). If a defendant violates a condition of postrelease control, the Revised

Code authorizes the parole authority to impose sanctions for the violation, including a prison term. However, the length of the prison term is statutorily limited. The maximum term per violation is nine months in prison or up to one-half the defendant's original sentence for multiple violations. See R.C. 2967.28(F)(1)-(3); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶35.

{¶9}   Assuming that Popov violates postrelease control, our consideration of the merits of this assignment of error would not affect the outcome of any subsequent sanctions imposed by the parole authority. Even if we found merit in Popov's argument that he was entitled to additional days of jail-time credit on his court imposed sentence, the jail-time credit would not reduce the maximum length of the prison term that the parole authority could impose for a violation of postrelease control. Consequently, postrelease control has no effect on the justiciability of Popov's appeal.

{¶10}  Accordingly, we reject Popov's assignments of error as moot.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**