[Cite as *State v. Jerninghan*, 2011-Ohio-4502.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95818**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TOMMIE JERNINGHAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537831

**BEFORE:**  S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  September 8, 2011

**ATTORNEY FOR APPELLANT**

Matthew M. Nee
The Law Office of Matthew M. Nee
1956 West 25th Street
Suite 302
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Matthew Waters
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant Tommie Jerninghan appeals from a decision of the Cuyahoga County Court of Common Pleas denying his presentence motion to vacate his plea and sentencing him to an eight-month term of incarceration. Jerninghan pleaded guilty to

one count of breaking and entering in violation of R.C. 2911.13(B), a fifth-degree felony. For the following reasons, we affirm the decision of the trial court.

{¶ 2} Jerninghan was accused of breaking and entering into a scrap yard. On the day of the incident, Jerninghan waited for a security guard to leave his post before scaling a fence to gain access to the scrap yard. The security guard, however, spotted Jerninghan and apprehended him before anything was taken or disturbed. Jerninghan pleaded guilty to one count of breaking and entering. After the court announced a six-month term of incarceration as part of his sentence, Jerninghan notified the court of his unresolved, pro se presentence motion to vacate his plea. The court vacated the announced sentence and set the matter for a hearing on Jerninghan's pro se motion. At all times, Jerninghan was represented by counsel.

{¶ 3} In Jerninghan's presentence motion to vacate his plea, he limited his arguments to whether the state properly indicted him for breaking and entering. Jerninghan argued that since he did not take anything from the scrap yard — he was apprehended upon entering — he should be charged only with criminal trespass. At the oral argument on his motion to vacate the plea, Jerninghan first argued that his plea was not knowing and voluntarily entered because his then attorney promised the judge would sentence him to unconditional probation without restrictions. When questioned by the trial court, Jerninghan admitted that he pleaded guilty in order to secure his release from jail on personal bond. After hearing Jerninghan's arguments, the trial court denied the motion to vacate Jerninghan's plea and sentenced him to a

term of incarceration of eight months. It is from that decision that Jerninghan timely appeals, raising three assignments of error. We will address each in turn.

{¶ 4} Jerninghan's first assignment of error provides as follows: "The trial court erred by not granting Mr. Jerninghan's motion to vacate his plea." Jerninghan challenges the trial court's decision to deny his presentence motion to vacate his plea based on his claim that he did not knowingly and voluntarily enter the plea. His first assignment of error is without merit.

{¶ 5} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." A presentence motion to withdraw a guilty plea should be freely granted. "Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny such motion is entirely within the trial court's discretion. We will not alter a trial court's decision absent a showing of an abuse of discretion. Id.; *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, at syllabus.

A mere change of heart is an insufficient justification for withdrawing a plea. *State v. Meade* (May 22, 1986), Cuyahoga App. No. 50678.

{¶ 6} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *State v. Johnson*, Cuyahoga App. No. 83350, 2004-Ohio-2012, citing *Peterseim*, 68 Ohio App.2d 211.

{¶ 7} In respect to the second factor above, "[w]hen a defendant enters a plea in a criminal case,the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony case, the trial court must determine whether the defendant is making the plea voluntarily and with an understanding of the nature of the charges.

{¶ 8} The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, citing *State v.*

*Stewart* (1977), 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163. "A plea is in substantial compliance with Crim.R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker* (Sept. 29, 1994), Cuyahoga App. No. 65794, citing *State v. Rainey* (1982), 3 Ohio App.3d 441, 446 N.E.2d 188, at paragraph one of the syllabus. "Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Stewart*, 51 Ohio St.2d at 93. Furthermore, a defendant must show a prejudicial effect or, in other words, whether the plea would have otherwise been made. Id.

{¶ 9} The trial court held a hearing to determine the reasonableness of Jerninghan's motion to vacate his plea and thoroughly considered the arguments advanced. Jerninghan, represented by counsel at all times, claimed his reason for entering the plea was due to his then attorney's promise that the judge would sentence Jerninghan to unconditional probation without restrictions. Jerninghan did not raise that issue in his motion to vacate the plea, which was limited to arguing that the state could not prove breaking and entering because Jerninghan was apprehended prior to stealing anything.

{¶ 10} Jerninghan's claim that his attorney promised an outcome depends entirely on the trial court's assessment of Jerninghan's credibility. The attorney did not testify. The trial court determined Jerninghan's testimony to be incredible. At the plea hearing, the trial court conducted a thorough colloquy detailing Jerninghan's rights, ensuring Jerninghan

understood those rights, and informing him of the potential penalties of the breaking and entering charge. The trial court stated specifically that the breaking and entering charge included a term of incarceration ranging from six to 12 months and never mentioned probation. The court also specifically noted that there were no promises with regard to any sentence because another judge would be handling the sentencing. Jerninghan acknowledged the ramifications of pleading guilty and further that no promises were made by anyone with respect to sentencing. The trial court fully complied with Crim.R. 11 during the plea colloquy. In fact, Jerninghan admits to tainting the plea process himself to secure his release.

{¶ 11} Jerninghan admitted at the hearing on his motion to vacate that he pleaded guilty to ensure his release from jail on personal bond. The trial court noted, and we agree based on that admission, at best Jerninghan lied to the trial court judge in an attempt to "play" the system. We will not condone such strategies. His motion to withdraw the plea is tantamount to a change of heart. A defendant's change of heart alone is not a sufficient basis for the court to allow the defendant to withdraw his plea. *Meade*, Cuyahoga App. No. 50678. Further, nothing in the record indicates that his plea was other than knowing, intelligent, and voluntary within the meaning of Crim.R. 11.

{¶ 12} Because of the fact that the trial court strictly adhered to the mandates of Crim.R. 11 during the plea colloquy and thoroughly considered Jerninghan's motion to vacate the plea, we find the trial court did not abuse its discretion in denying Jerninghan's motion.

Jerninghan did not have a reasonable or legitimate basis for withdrawing his plea. We accordingly overrule Jerninghan's first assignment of error.

{¶ 13} Jerninghan's second assignment of error provides as follows: "The trial court erred by sentencing Mr. Jerninghan to eight months in prison when it intended to sentence Mr. Jerninghan to six months in prison." For the following reasons, his second assignment of error is overruled.[1]

{¶ 14} At the original sentencing hearing, and immediately after announcing a six-month term of incarceration, Jerninghan notified the court of his outstanding, presentence motion to vacate his plea. The trial court correctly vacated its announcement of sentence and set the matter for hearing on the overlooked motion to vacate. After denying the motion at the hearing, the trial court sentenced Jerninghan to an eight-month term of incarceration. Jerninghan argues that the trial court erred by not sentencing him to the six months originally announced.

{¶ 15} Contrary to Jerninghan's arguments, the trial court vacated its original sentence that was orally announced prior to entering its final judgment upon the docket. The first sentence was therefore a nullity and did not bind the court in subsequent proceedings. There

---

[1] Generally, an appeal challenging the length of a sentence becomes moot after the defendant has served the sentence. *State v. Adams*, Cuyahoga App. No. 85267, 2005-Ohio-3837, at ¶ 5. Both parties conceded, at oral argument, that Jerninghan served his entire eight-month sentence prior to the hearing of his appeal. However, this issue was not raised previously, and we accordingly will address the merits of Jerninghan's second and third assignments of error.

is no authority to support Jerninghan's argument. We do not have the authority to alter or vacate sentences based on a trial court's "intention." Jerninghan's sentence was within the statutory range, and he does not otherwise challenge the sentence imposed. We accordingly overrule his second assignment of error.

{¶ 16} Jerninghan's third and final assignment of error provides as follows: "Mr. Jerninghan's counsel rendered ineffective assistance of counsel[,]" by failing to "remind" the court of the six-month term of incarceration announced at the original sentencing hearing. His third assignment of error is without merit.

{¶ 17} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 310, 2009-Ohio-2961, 911 N.E.2d 242, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland*, 104 S.Ct. at 2065. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

**{¶ 18}** Jerninghan argues that his counsel was ineffective for failing to remind the trial court of its earlier announced sentence of six months in jail. Even if we assume his counsel's performance was deficient, the trial court was free to fashion any sentence within the statutory range at the second sentencing hearing. It was not bound by the earlier vacated sentence. Therefore, even if Jerninghan's attorney had "reminded" the court of the earlier proceedings,[2] there is nothing in the record that indicates the court would have sentenced him to six months, instead of eight, especially in light of the evidence offered at the second sentencing hearing of Jerninghan's conduct at the plea hearing. Jerninghan's counsel asked for the minimum sentence of six months at the second sentencing hearing, and the court considered all sentencing factors. We cannot say that the minor oversight of failing to remind the trial court of its action in the prior sentencing hearing prejudiced Jerninghan. The trial court was free to consider the facts and circumstances as they existed during his second sentencing hearing. Jerninghan's third assignment of error is accordingly overruled.

**{¶ 19}** The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[2] We note that Jerninghan also adopted the trial court's "misstatement" regarding the original sentence. The prosecutor specifically asked Jerninghan if he remembered the trial judge sentencing him to eight months in the original sentencing hearing, to which he responded in the affirmative.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR