[Cite as *State v. Romine*, 2016-Ohio-5308.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA1 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ALLEN W. ROMINE, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 07/29/16** |

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Valerie Kunze, Assistant State
Public Defender, Columbus, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, Circleville, Ohio, for Appellee.

McFarland, J.

{¶1} Allen W. Romine appeals the decision of the Pickaway County

Common Pleas Court entered on December 16, 2015. Appellant filed a Motion to

Vacate Judicial-Sanction Sentence on December 3, 2015. On appeal, Appellant

asserts the Pickaway County trial court committed reversible error when it denied

his motion because he was never properly notified of his term of post release

control imposed as a result of a felony conviction in another county. Having

reviewed the record, we find Appellant's argument to be moot, due to the fact he

has already served his judicial sanction sentence.  Therefore, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2}  In January 2007, Appellant was convicted of felonious assault in the Franklin County Court of Common Pleas.  By the Franklin County sentencing entry filed January 19, 2007, he was sentenced to a four-year prison term.  The entry indicates Appellant was placed on post release control for three years. Appellant completed his prison sentence and was released on February 14, 2010.

{¶3} Subsequently, Appellant was convicted of complicity to burglary and complicity to theft in the Pickaway County Court of Common Pleas.  On January 28, 2011, he was sentenced to a concurrent sentence of five years for complicity to burglary and twelve months for complicity to theft.  The trial court also imposed a 754-day judicial-sanction sentence based on commission of a new felony while under the Franklin County Common Pleas Court's sentence of post release control. The judicial sanction sentence was to be served consecutively to the concurrent terms.[1]

{¶4} On December 3, 2015, Appellant filed a Motion to Vacate Judicial-Sanction Sentence, arguing that Franklin County improperly imposed post release control, rendering that part of the Franklin County sentence void.  Appellant

---

[1] Appellant argued his conviction for complicity to burglary was against the manifest weight of the evidence. However, this Court affirmed his conviction. *See State. v. Romine*, 4th Dist. Pickaway No. 11CA1, 2011-Ohio-6774.

argued that he completed his five-year sentence in August 2015, and he remains

incarcerated solely as a result of a violation of Franklin County's post release

control, which was never properly imposed.  Appellant requested immediate

release.

{¶5} On December 16, 2015, the trial court denied Appellant's motion on

the basis of lack of jurisdiction.  This timely appeal followed.

## ASSIGNMENT OF ERROR ONE

"I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR
WHEN IT DENIED ALLEN ROMINE'S MOTION TO VACATE
JUDICIAL-SANCTION SENTENCE BECAUSE MR. ROMINE
WAS NEVER PROPERLY NOTIFIED OF HIS TERM OF POST-
RELEASE CONTROL AND THE TRIAL COURT HAD
JURISDICTION TO VACATE HIS JUDICIAL SANCTION."

## STANDARD OF REVIEW

{¶6} R.C. 2953.08(G)(2) specifies that an appellate court may increase,

reduce, modify, or vacate and remand a challenged felony sentence if the court

clearly and convincingly finds either that "the record does not support the

sentencing court's findings" under the specified statutory provisions or "the

sentence is otherwise contrary to law." *State v. Pippen,* 4th Dist. Scioto No.

14CA3595, 2014-Ohio-4454, ¶ 13. *See State v. Brewer,* 2014-Ohio-1903, 11

N.E.3d 317, ¶ 33 (4th Dist.)

Furthermore, a sentence that is void * * * may be reviewed at any time, either on direct appeal or by collateral attack. *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10.

## LEGAL ANALYSIS

{¶7} In the case sub judice, Appellant argues the sentencing entry in his Franklin County case failed to impose valid post release control. Appellant requests that this Court use its authority to recognize the Franklin County's sentencing entry to be void because the Franklin County trial court did not notify him as follows: (1) that there were consequences as to any violations while on post release control; and (2) that the commission of a new felony while under post release control supervision could result in an imposition of an additional prison term for the violation. "A sentence that does not include the statutorily mandated term of post release control is void, * * *." *Billiter, supra,* at ¶ 7, quoting *Fischer, supra*, at paragraph one of the syllabus.

{¶8} The trial court declined to undertake analysis of the Franklin County entry based on a lack of jurisdiction. We disagree with this reasoning, based on our decision in *State v. Burns*, where we observed at paragraph 10:

"In *State v. Fischer, supra,* the Supreme Court of Ohio stated its

holding in its opening paragraph:

'* * * A sentence that does not include the statutorily mandated term
of post release control is void, is not precluded from appellate review

by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.' *Id*. at ¶ 1."

In *Burns,* we concluded *Fischer* provided us with the authority to cure an error in sentencing that occurred in Highland County, despite the fact that to do so necessitated review of another county's sentencing entry.[2]

{¶9} The Ohio Supreme Court has made it clear that the trial court not only must give the offender post release control notifications at the sentencing hearing, but it also must incorporate the notifications into its sentencing entry. *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶¶ 18-19 (stating that court must provide "statutorily compliant notification to a defendant regarding post release control at the time of sentencing, including notifying the defendant of the details of the post release control and the consequences of violating post release control." When a court fails to comply with either the sentencing hearing or sentencing entry notification, "the offending portion of the sentence is void, must be set aside, and is subject to review and correction." *State v. Triplett,* 4th Dist.

---

[2] Similar to Appellant's argument here, Burns was sentenced for felonies in Brown County in 2004, in an entry which purported to impose post release control. In 2008, Burns was convicted of felonies in Highland County and was sentenced on those as well as a violation of Brown County's post release control. Burns argued Highland County's post release control sanction should be vacated because he was improperly notified of post release control when he was sentenced in Brown County and thus, that part of his sentence was void. Despite the fact he had served his sentence, had been released, and the Brown County Court of Common Pleas no longer had jurisdiction over him, we concluded that this Court had the authority to cure the error, based on the Supreme Court of Ohio's decision in *Fischer, supra.*

Lawrence No. 10CA35, 2011-Ohio-4628, at ¶ 4, citing *Fischer, supra,* ¶ 27-29. *See*

*also State v. Adkins,* 4th Dist. Lawrence No. 14CA29, 2015-Ohio-2830, ¶ 13.

{¶10} However, while focusing entirely on the argued deficiencies of the

Franklin County entry, Appellant fails to recognize the precise language of the

Pickaway County entry, which states in pertinent part at paragraph 7:

> "That, as to the offense of Complicity to Burglary (Count One), a
> Felony of the Third Degree, contrary to ORC Section
> 2923.03(A)(2)/2911.12(A)(3), that the Defendant be imprisoned for a
> period of **FIVE (5) YEARS**, and
> That as to the offense of Complicity to Theft (Count Two) a Felony of
> the Fifth Degree contrary to ORC Section
> 2923.02(A)(2)/2913.02(A)(1), that the Defendant be imprisoned for a
> period of **TWELVE (12) MONTHS, with said sentences to be
> served concurrent to one another. It is further ORDERED that
> the FIVE (5) YEAR sentences shall commence upon Defendant
> serving the time remaining on his Post Release Control as pertains
> to the sentence imposed by the Court of Common Pleas, Franklin
> County, Ohio, Case Number 2006-CR-31814, to wit: 754 days."**

{¶11} Appellant was ordered to serve the 754-day judicial sanction sentence

prior to serving the sentence on the new felonies. Our review of the Ohio

Department of Corrections website at http://www.drc.ohio.gov/Offender

Search/Search.apx reveals that Appellant began serving his sentences on January

28, 2011.[3] Since Appellant was ordered to serve the judicial sanction sentence

prior to commencement of the sentence for the new felonies, he has already served

---

[3] It is appropriate to consider evidence outside the appellate record in determining whether an appeal is moot or justiciable. *State v. Popov,* 4th Dist. Lawrence No. 10CA26, 2011-Ohio-372, at ¶ 4.

the 754 days which remained on his Franklin County sentence and is currently serving his five-year concurrent sentences.

{¶12} Therefore, Appellant's argument herein regarding the imposition of post release control is moot. Despite any arguable errors with the imposition of post release control by the Franklin County common pleas court and subsequently, the imposition of the judicial sanction sentence imposed in Pickaway County, these can no longer be corrected since Appellant has already served his original sentence. *State v. Smith,* 6th Dist. Lucas No. L-14-1189, 2015-Ohio-919, ¶ 4. An appeal challenging only the length of the sentence becomes moot after the defendant has served the sentence. *Popov, supra,* at ¶ 6, citing *State v. Adams,* 8th Dist. Cuyahoga No. 85267, 2005-Ohio-3837, at ¶ 5; *see also State v. Howard,* 1991 WL 28326, (Feb. 26, 1991), 4th Dist., at *3. *See also State v. Moore*, 4th Dist. Adams No. 13CA3897, 2015-Ohio-2090, ¶ 8. This is because when the defendant has served his punishment, "there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of the sentence in the absence of a reversal of the underlying conviction * * * [A]nd no relief can be granted * * * subsequent to the completion of the sentence if the underlying conviction itself is not at issue. *Popov, supra,* quoting *State v. Bostic,* 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, at ¶ 22, quoting *State v. Beamon,* 11th Dist. Lake No. 2000-L-160, 2001-Ohio-8712, at *1.

{¶13} In the case sub judice, Appellant does not challenge his underlying conviction in Franklin County, but rather the prison sentence that the Pickaway County trial court imposed as a judicial sanction as a result of violating Franklin County's post release control by commission of new felonies.  Appellant has already served his 754-day judicial sanction sentence as it was clearly ordered to be served prior to commencement of his sentence on the new felony convictions in Pickaway County.  Thus, any arguable errors regarding the imposition of post release control have been rendered moot, and we reject the sole assignment of error.  Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED. Costs assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:    Concur in Judgment Only.


For the Court,



BY: _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**