[Cite as *State v. Saturday*, 2017-Ohio-4274.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                  )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| STATE OF OHIO | C.A. No. 28372 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICHOLAS A. SATURDAY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014-05-1430 |

DECISION AND JOURNAL ENTRY

Dated: June 14, 2017

---

TEODOSIO, Judge.

{¶1} Appellant, Nicholas A. Saturday, appeals from an order denying his motion to vacate judicial sanction sentence by the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} The Ashtabula Court of Common Pleas sentenced Mr. Saturday to prison for unlawful sexual conduct with a minor. It is unclear from the record if he appealed. Upon his release from prison, Mr. Saturday was placed on five years of mandatory post-release control.

{¶3} While on post-release control, Mr. Saturday was convicted in the Summit County Court of Common Pleas of identity fraud against a disabled person and telecommunications harassment. He was sentenced to two years in prison for identity fraud to be served concurrently with 180 days in jail for telecommunications harassment. He also received an additional, consecutive judicial sanction sentence of 1,215 days in prison for violating his Ashtabula County

post-release control. Mr. Saturday appealed to this Court and the matter was reversed and remanded for the limited purpose of allowing him the opportunity to seek a waiver of court costs. *State v. Saturday*, 9th Dist. Summit No. 27521, 2015-Ohio-2136, ¶ 8-9. The State does not dispute that Mr. Saturday has since served his sentences for identity fraud against a disabled person and telecommunications harassment, and he is currently incarcerated solely on the 1,215-day judicial sanction sentence.

{¶4} Mr. Saturday filed a motion to vacate judicial sanction sentence in his Summit County case claiming that post-release control was improperly ordered in his Ashtabula County case and, thus, his Ashtabula County post-release control and his Summit County judicial sanction sentence were both void. The trial court denied the motion (1) as an untimely petition for post-conviction relief, and alternatively (2) because Mr. Saturday was notified of the consequences for violating post-release control in a "Notice (Prison Imposed)" form that was incorporated into his Ashtabula County sentencing entry and signed by both Mr. Saturday and his attorney.

{¶5} Mr. Saturday now appeals from the trial court's order denying his motion to vacate judicial sanction sentence and raises two assignments of error for this Court's review.

{¶6} For ease of analysis, we rearrange and consolidate Mr. Saturday's assignments of error.

II.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED WHEN IT DENIED NICHOLAS SATURDAY'S MOTION TO VACATE HIS VOID JUDICIAL[ ]SANCTION SENTENCE BASED ON POST[-]RELEASE CONTROL FROM ASHTABULA COUNTY CASE NO. 12-CR-035 WHEN THE SENTENCING ENTRY OMITTED THE POTENTIAL CONSEQUENCES OF POST[-]RELEASE CONTROL VIOLATIONS. []

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED WHEN IT DENIED NICHOLAS SATURDAY'S MOTION TO VACATE HIS VOID JUDICIAL SANCTION SENTENCE AS AN UNTIMELY PETITION FOR POST[-]CONVICTION RELIEF. []

{¶7} In his second assignment of error, Mr. Saturday argues that the Summit County Court of Common Pleas erred in denying his motion because his Ashtabula County post-release control and his Summit County judicial sanction sentence are both void. In his first assignment of error, Mr. Saturday argues that the trial court erred in denying his motion as an untimely petition for post-conviction relief. We disagree with both propositions.

Voidness of Post-Release Control and Judicial Sanction Sentence

{¶8} Mr. Saturday argues that his Ashtabula County post-release control and Summit County judicial sanction sentence are both void. The Supreme Court of Ohio has held that "[a] sentence that does not include the statutorily mandated term of post[-]release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus. "When a judge fails to properly impose statutorily mandated post[-]release control as part of a defendant's sentence, the post[-]release[ ]control sanction is void." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, paragraph two of the syllabus.

{¶9} Mr. Saturday argues that the sentencing entry in his Ashtabula County case did not properly notify him of the consequences of violating the conditions of post-release control and, therefore, his post-release control in that case is void. The Supreme Court of Ohio has stated that "a trial court must provide statutorily compliant notification to a defendant regarding post[-]release control at the time of sentencing, including notifying the defendant of the details of

the post[-]release control and the consequences of violating post[-]release control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. The trial court "must incorporate into its sentencing entry the notifications it provides to the offender relating to post[-]release control at the sentencing hearing[,] but [] it need not repeat those notifications verbatim in the entry." *State v. Grimes*, 2017-Ohio-2927, ¶ 13. "[T]o validly impose post[-]release control, a minimally compliant entry must provide the [Adult Parole Authority] the information it needs to execute the post[-]release[ ]control portion of the sentence." *Id.* The main focus is on the notification itself, not the sentencing entry. *Qualls* at ¶ 19.

{¶10} Mr. Saturday further argues that since he has already served his prison sentence for the Ashtabula County case, he cannot be resentenced and properly advised of post-release control in that case. "A trial court does not have the authority to resentence a defendant for the purpose of adding a term of post[-]release control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Holdcroft* at paragraph three of the syllabus.

{¶11} Therefore, Mr. Saturday ultimately argues that his judicial sanction sentence in his Summit County case is based on void post-release control and should be vacated as void. The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *see also* R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

**{¶12}** Mr. Saturday attached a copy of the Ashtabula County sentencing entry to his motion filed in his Summit County case, which states "[i]n addition[,] the offender will be subject to a period of five (5) years, of Post[-]Release Control, pursuant to R.C. 2929.14(F) and R.C. 2967.28, after the offender is released from prison." The entry does not list the consequences for violating the terms and conditions of post-release control, but it does state "**IT IS FURTHER ORDERED** that the Prison Imposed Notice Form, which is attached hereto and which was signed by the defendant and counsel on the record, is incorporated herein and made a part thereof." (Emphasis sic.) Mr. Saturday also attached a copy of the "Notice (Prison Imposed)" form to his motion, which states the consequences for violating the terms and conditions of post-release control. The time stamps on both the sentencing entry and the "Notice (Prison Imposed)" form indicate that they were filed contemporaneously with one another on June 25, 2012, at 8:32 A.M.

**{¶13}** Although Mr. Saturday concedes that the "Notice (Prison Imposed)" form lists the consequences for violating post-release control, he argues that the form is nonetheless a separate document from his sentencing entry. "As a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 48, quoting *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 17.

**{¶14}** Mr. Saturday has not claimed that he has already successfully challenged his post-release control as void in the Ashtabula County Court of Common Pleas. Instead, he acknowledges in his reply brief that "[i]n order to determine whether the judicial[ ]sanction sentence imposed by Summit County is void, this Court will necessarily have to review the Ashtabula County Court of Common Pleas' judgment entry to see if it meets the requirements

for imposing post[-]release control." Thus, Mr. Saturday's arguments are wholly dependent upon this Court making an initial determination that the post-release control ordered in his Ashtabula County case is in fact void.

{¶15} However, this Court does not have jurisdiction to review a judgment entered by the Ashtabula County Court of Common Pleas. *See State v. Shepherd*, 9th Dist. Summit No. 26748, 2014-Ohio-686, ¶ 11; *compare State v. Smith*, 11th Dist. Lake No. 2010-L-070, 2011-Ohio-1014, ¶ 16 (stating the Eleventh District Court of Appeals "does not have jurisdiction to review a judgment entered by the Cuyahoga County Court of Common Pleas" and determine voidness). Article IV, Section 3(B)(2), of the Ohio Constitution states, in part, that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals *within the district * * *.*" (Emphasis added.); *see also* R.C. 2501.02. The only counties within this Court's jurisdiction are Lorain, Medina, Wayne, and Summit. R.C. 2501.01(I). Ashtabula County is within the jurisdiction of the Eleventh District Court of Appeals. R.C. 2501.01(K).

{¶16} Mr. Saturday urges this Court to follow persuasive authority from the Fourth District Court of Appeals under *State v. Romine*, 4th Dist. Pickaway No. 16CA1, 2016-Ohio-5308. We decline to do so, as *Romine* is distinguishable from the case sub judice. In *Romine*, the Court disagreed with the trial court's decision to not analyze another county's entry based on a lack of jurisdiction. *Id.* at ¶ 8. The *Romine* Court relied on its own prior decision in *State v. Burns* where it concluded that *Fischer* provided the Court with the authority to cure an error in sentencing that occurred in another county despite the fact that to do so necessitated review of another county's sentencing entry. *Id.*, citing *State v. Burns*, 4th Dist. Highland No. 11CA19, 2012-Ohio-1626, ¶ 12. The *Burns* Court stated:

> [W]e have the authority to recognize the Brown County court's sentencing entry to be void with respect to its attempted imposition of post[-]release control, despite the fact that Appellant has attacked its validity collaterally through the Highland County Court of Common Pleas.

*Burns* at ¶ 12. In *Burns*, however, the other county's common pleas court had already held a hearing and acknowledged that sufficient post-release control language was not stated in its sentencing entry. *Id.* at ¶ 6. The trial court's entry erroneously ordered "up to 5 years" post-release control, a term that does not exist under Ohio law. *Id.* at ¶ 5; R.C. 2967.28(B) and (C).

**{¶17}** In the case sub judice, there is nothing in the record stating that the Ashtabula County Court of Common Pleas has held a hearing or determined that Mr. Saturday's post-release control is in fact void. Consequently, we are not persuaded that *Romine* or *Burns* are applicable here. We conclude that appellate jurisdiction over Mr. Saturday's sentence in the Ashtabula County case, including the authority to determine whether post-release control is actually void, simply does not rest in this Court. *See Smith* at ¶ 21.

<u>Reclassification as a Petition for Post-Conviction Relief</u>

**{¶18}** Mr. Saturday also argues that the trial court should not have reclassified his motion as a petition for post-conviction relief. In support of his argument, he relies on this Court's decision in *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187 (9th Dist.). In *Holcomb*, this Court adopted the approach suggested in *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, ¶ 9 (stating "A motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must [] be considered as a presentence motion under Crim.R. 32.1."). *Holcomb* at ¶ 20. In *Holcomb*, we concluded:

> [A] defendant may request resentencing because of a trial court's failure to properly include post[-]release control in a sentencing entry by filing a motion for resentencing. The trial court should not reclassify the motion or request as a petition for post[-]conviction relief. To the extent that this [C]ourt's decisions, under these specific circumstances, require a trial court to reclassify a motion for

resentencing as a petition for post[-]conviction relief, * * * or as a motion for relief from judgment under Civ.R. 60(B)(5), * * * those decisions should not be followed. If a sentence is void for failure to include proper post[-]release[ ]control notification, the trial court—or the reviewing court—has an obligation to recognize the void sentence, vacate it, and order resentencing. * * * Further, a trial court, confronted with an untimely or successive petition for post[-]conviction relief that challenges a sentence that is void, must ignore the procedural irregularities of the petition and vacate the void sentence and resentence the defendant.

*Id.* However, Mr. Saturday's reliance on *Holcomb* is misplaced. In *Holcomb*, we were reviewing an order from the Summit County Court of Common Pleas, not an order from a trial court in another appellate district's jurisdiction, as Mr. Saturday urges us to do here. *See id.* at ¶ 22. We have already concluded above that we decline to overstep the bounds of this Court's jurisdiction and review judgment entries from other jurisdictions to determine voidness. Furthermore, Mr. Holcomb was never advised of post-release control at all in his case, so there could be no question that his post-release control was void. *See id.* at ¶ 21. Again, there is nothing in the record before us to show that Mr. Saturday's Ashtabula County post-release control has ever been found void by a court with jurisdiction to make such a finding.

{¶19} Less than two years after *Holcomb*, we disagreed with an argument before us that a trial court erred in construing a revised motion to vacate a void judgment as a petition for post-conviction relief. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 10, ¶ 12. Mr. Childs relied on this Court's post-release control case law, including *Holcomb*, and argued that his claims were not untimely and he could raise his arguments, regardless of procedural formalities, because his judgment was void. *Id.* at ¶ 12. We stated: "Apart from the fact that much of this Court's post-release control precedent has been largely eviscerated by [*Fischer*], we are not convinced that R.C. 2953.23(A)'s requirements and res judicata are inapplicable here."

*Id.* "As such, we are unwilling to extend any pre-*Fischer* law and conclude that Childs' petition was immune from procedural formalities and substantive rules of law, such as res judicata." *Id.*

**{¶20}** Because there is no evidence that Mr. Saturday's Ashtabula County post-release control has ever been found to be void, we conclude that the Summit County Court of Common Pleas did not err when it reclassified his motion to vacate judicial sanction sentence as a petition for post-conviction relief. *See State v. Robinson*, 9th Dist. Summit No. 27663, 2015-Ohio-3329, ¶ 5.

**{¶21}** Generally, "[w]e review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 7. Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law. *Childs* at ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.* Here, the trial court denied Mr. Saturday's motion as an untimely petition for post-conviction relief because the court had "no authority to proceed on the merits." Therefore, a de novo standard of review applies. *See id.*

**{¶22}** R.C. 2953.21(A)(2) provides:

> [A petition for post-conviction relief] shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.

A court may not entertain successive or untimely petitions unless the petitioner satisfies certain requirements. He must show that he was unavoidably prevented from discovering the facts he relies on or that, subsequent to the R.C. 2953.21(A)(2) deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation,

and the petition asserts a claim based on that right.  R.C. 2953.23(A)(1)(a).  He must further show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which [he] was convicted" or, "if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."  R.C. 2953.23(A)(1)(b).

**{¶23}**  Mr. Saturday appealed his sentence in his Summit County case and the transcript was filed in this Court on December 3, 2014.  He filed his motion to vacate judicial sanction sentence in the trial court on June 6, 2016, which is beyond the timeframe provided for in R.C. 2953.21(A)(2).  Mr. Saturday has failed to satisfy the requirements under R.C. 2953.23(A)(1) for the trial court to entertain his untimely petition.  Therefore, we conclude that the trial court did not have statutory authority to consider the merits of the motion and correctly denied it.  *See State v. Russell*, 9th Dist. Summit No. 28206, 2017-Ohio-723, ¶ 5.

**{¶24}**  Mr. Saturday's first and second assignments of error are overruled.

### III.

**{¶25}**  Mr. Saturday's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KATHERINE ROSS-KINZIE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TABITHA STEARNS, Assistant Prosecuting Attorney, for Appellee.