JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Michael Sefcik, appeals the terms of probation imposed by the Berea Municipal Court. Defendant pleaded no contest to a first degree misdemeanor: one count of sale of alcohol to underage persons in violation of Middleburg Heights City Code Section 612.02(B) (later amended to R.C. 4302.69(B)).
 {¶ 2} The court imposed the following unique sentence: ten days in jail with five permitted to be served on house arrest. The remaining five days, the court said, would be suspended. The court explained as follows: if defendant will "sell the house and close on it and get out of there by February 1st, then [the court] will suspend the balance of it for five days." Tr. September 16, 2004 at 9. The court delineated additional terms of probation at the plea hearing. These terms were attached as Exhibit A to the sentencing statement:
1. [Defendant] shall sell the premises located at[defendant's address] before the conclusion of the probationary term;
2. No individual who is not related by blood shall reside on the premises or be on the premises after midnight until 6:00 a.m. the following day;
3. No alcoholic beverage on the [defendant]'s premises whether the alcohol was purchased by defendant * * * or someone else;
4. At no time will there be more than one person on the premises who is not related by blood;
5. There will be no social gatherings on the premises [sic]
6. During times when defendant * * * is on the premises there are no disturbances of the peace in the neighborhood caused by people who are going to, leaving from or on the premises;
7. During times when defendant * * * is not on the premises he authorized Middleburg Hts. Police to enter the property without his permission in response to disturbances of the peace or any reasonable suspicion that there is a violation of these conditions or other laws;
8. A disturbance of the peace is any incident or event which is likely to cause annoyance, distress or alarm to other persons or reckless or intentional damage to property;
9. Defendant * * * to attend AA meetings or other counseling as directed by the Court."
 {¶ 3} Defendant presents only one assignment of error:
"I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT BY IMPOSING UNCONSTITUTIONAL TERMS OF COMMUNITY CONTROL."
 {¶ 4} Defendant argues that the terms of probation imposed on him are unreasonable and overly broad and that "[e]nabling random entry into and a search of a home to seek out the transgression of a second guest or a social gathering simply is too draconian for our Constitution to allow." Appellant's brief at 9.
 {¶ 5} We note first, however, a troubling omission in the sentencing hearing. At no time during the sentencing hearing did the court directly address defendant or give defendant an opportunity to speak.
 {¶ 6} "Crim.R. 32(A)(1) provides that a court must do two things prior to imposing sentence: 1) "Afford counsel an opportunity to speak on behalf of the defendant;" and 2) "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." While the defendant may waive the right of allocution, Crim.R. 32(A)(1) imposes an affirmative duty on the court to speak directly to the defendant on the record and inquire whether he or she wishes to exercise that right or waive it." State v. Sexton, Greene App. No. 04CA14, 2005-Ohio-449 ¶ 31, quoting State v. Campbell (2000), 90 Ohio St.3d 320, 326. See State v. Cook, Cuyahoga App. No. 85186, 2005-Ohio-4010 ¶¶ 5-7 ("The Ohio Supreme Court has determined that Crim.R. 32(A)(1) confers an absolute right of allocution.") See also Youngstownv. Czopur, Mahoning App. No. 99 CA 120 ¶ 12, holding that "[e]ven if a clear description of his rights of allocution were given in the initial explanation of pleas, appellant must still be informed of his rights and personally asked if he has anything to say after the court determines the judgment prior to imposing sentence." In the case at bar, defendant was not afforded an opportunity to make a statement at either his plea or his sentencing hearing.
 {¶ 7} We thus find plain error in the trial court's failure to afford Sefcik his constitutional right to allocution at the sentencing hearing. We do not address defendant's sole assignment of error, which defendant has characterized as a constitutional issue, because our ruling renders it moot. As the Ohio Supreme Court has noted, the court will not address a constitutional question when the case can be decided on other grounds. Fantozziv. Sandusky Cement Products Co. (1992), 64 Ohio St.3d 601, 609
fn.5. Accordingly, we vacate defendant's sentence and remand for resentencing.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs.
 Cooney, P.J., concurs in judgment only with separateconcurring opinion.