DECISION AND JUDGMENT ENTRY
{¶ 1} Barry Leeth appeals his sentence for domestic violence in the Pike County Court. He contends that the court erred when it did not follow Crim.R. 32(A)(1) during sentencing and allow him to address the court. The state maintains that any error was harmless. We agree with Leeth because we interpret the allocution requirement in Crim.R. 32(A)(1) as mandatory, and we do not find harmless error. Accordingly, we reverse, vacate the sentence, and remand this cause to the trial court for re-sentencing.
 I. {¶ 2} The state charged Leeth with domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Leeth entered a "no contest" plea, and the court asked him, "What do you have to say regarding the incident?" Leeth said, "It was just an incident that I wish would have never happened and I've been a father for 20 years and this is the first time that it's ever . . . went . . . blowed up like this and I just want to apologize to my kids when I see them and my wife and the court." The court then asked the state, "Do you have anything on this?" After the state gave a statement of facts, the court asked the state for a recommendation of sentence. It complied. The court found Leeth guilty and immediately sentenced him without addressing him and asking him if he had anything to say in mitigation of sentence.
 {¶ 3} The court then determined whether it should include a stay-away order as part of the sentence. Leeth and others made statements regarding a stay-away order. The court granted a stay-away order, but later lifted it, as part of the sentence.
 {¶ 4} Leeth appeals and asserts the following assignment of error: "THE COURT BELOW [ERRED] TO THE PREJUDICE OF THE DEFENDANT WHEN IT SENTENCED THE DEFENDANT WITHOUT COMPLYING WITH THE MANDATES SET FORTH IN RULE 32(A)(1) OF THE OHIO CRIMINAL RULES OF PROCEDURE THEREBY DEPRIVING THE DEFENDANT HIS RIGHT OF ALLOCUTION."
 II. {¶ 5} Leeth contends that Crim.R. 32(A)(1) is an absolute right of allocution that a defendant cannot waive. The state agrees but claims that the error is harmless because Leeth gave a statement before his conviction and after the court sentenced him.
 {¶ 6} Unlike a felony sentence, see R.C. 2953.08, we review a misdemeanor sentence for an abuse of discretion. R.C. 2929.22(A). See, e.g., City of Youngstown v. McElroy, Mahoning App. No. 05MA13, 2005-Ohio-6595. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149.
 {¶ 7} Crim.R. 32(A)(1) in part reads, "At the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1) confers an absolute right of allocution, State v. Green, 90 Ohio St.3d 352, 358,2000-Ohio-182. It cannot be waived. State v. Campbell,90 Ohio St.3d 320, 324-325, 2000-Ohio-183. See, also, State v. Gray,
Cuyahoga App. No. 81474, 2003-Ohio-436. A trial court's failure to grant allocution is not harmless error when a defendant is denied the opportunity to address evidence introduced and considered by the trial court at sentencing. State v. Sanders,
Cuyahoga App. No. 81450, 2003-Ohio-1163.
 {¶ 8} Here, the trial court did not give Leeth an opportunity to speak before sentencing him. While Leeth made a statement before the court found him guilty, the court never gave him an opportunity to speak after the state gave a statement of facts and a sentence recommendation. Hence, the trial court did not comply with Crim.R. 32(A)(1).
 {¶ 9} The state urges us to find harmless error. In support, it cites State v. Reynolds, 80 Ohio St.3d 670, 1998-Ohio-171. In Reynolds the defendant made an unsworn statement to the jury during the mitigation phase of his capital case and wrote a letter to the judge. However, those facts do not exist here. Consequently, we do not find harmless error.
 {¶ 10} We continue to follow our decisions in State v.Spradlin, Pike App. No. 04CA727, 2005-Ohio-4704; State v.Castle, Lawrence App. No. 03CA24, 2004-Ohio-1992; and State v.Bellomy, Scioto App. No. 02CA2828, 2002-Ohio-5599. In these three decisions, we reversed the defendants' sentences because the trial court violated their right of allocution. Therefore, we find that the trial court abused its discretion when it sentenced Leeth without giving him his right of allocution.
 {¶ 11} Accordingly, we sustain Leeth's sole assignment of error. We reverse the judgment of the trial court, vacate the sentence, and remand this cause to the trial court for re-sentencing.
JUDGMENT REVERSED, SENTENCE VACATED, AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED, SENTENCE VACATED, and CAUSE REMANDED to the trial court for re-sentencing and the costs herein be taxed to the Appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.