{¶ 75} Robles raises two issues in this appeal: 1) whether the trial court afforded Robles with the right to allocution set forth in Crim.R. 32(A)(1) and 2) whether the trial court abused its discretion when imposing a sentence upon Robles. The majority concludes that Robles had the opportunity to speak to the trial court about mitigating factors during the course of this criminal proceeding, even if it did not do so at the time of the sentencing hearing. Therefore, the majority finds no violation of Robles' right to allocution. I must respectfully disagree.
 {¶ 76} Crim.R. 32(A)(1) requires that a trial court "[a]t the time of imposing sentence * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." As the majority demonstrates in its opinion, the trial court did not fulfill this requirement at the sentencing hearing. The trial court addressed Robles' *Page 12 
counsel, but not Robles himself. The Ohio Supreme Court has clearly stated that this Rule requires that a trial court "address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." State v. Campbell, 90 Ohio St.3d 320, 326, 2000-Ohio-0183. Thus, the trial court's failure to personally address Robles at his sentencing hearing means that the trial court did not comply with Crim.R. 32(A)(1) "[a]t the time of sentencing."
 {¶ 77} The majority excuses the trial court's failure to personally address Robles at sentencing by noting that Robles spoke to the trial court about some mitigating facts at his change of plea hearing. In other words, the majority is changing the requirement that a trial court personally address a defendant and give him the ability to allocuteat the time of sentencing to requiring that a trial court personally address a defendant and give him the ability to allocute by the time of sentencing. Ohio's caselaw shows that this is an incorrect way of applying Crim.R. 32(A)(1).
 {¶ 78} In State v. Leeth, 4th Dist. No. 05CA745, 2006-Ohio-3575, the Fourth District was faced with a situation which, for all relevant purposes, is identical to the one here. In Leeth, the defendant pled no contest to a misdemeanor offense and the trial court asked the defendant, "What do you have to say regarding the incident?" The defendant responded by apologizing to his family. The trial court gave the State a chance to respond and, after that response, found the defendant guilty. The trial court then proceeded immediately to sentencing him, without giving the defendant another chance to say anything in mitigation of his sentence. The Fourth District concluded that the statement the defendant made before the trial court found the defendant guilty was not sufficient to satisfy the defendant's right to allocute. The trial court should have given the defendant the opportunity to say something on his behalf after the guilty verdict.
 {¶ 79} Another case which is similar to the case at hand is State v.Sanders, 8th Dist. No. 81450, 2003-Ohio-1163. In that case, a trial court first tried holding a sentencing hearing on September 25, 2001. At that hearing the trial court addressed *Page 13 
the defendant and let the defendant speak, but ultimately continued the hearing so it could examine the defendant's institutional record, which it did not have at that time. The next hearing took place on November 28, 2001, but was again continued because the institutional record was incomplete. The sentencing hearing finally took place on May 23, 2002. The trial court did not give the defendant the opportunity to speak at the May 23rd hearing.
 {¶ 80} On appeal, the defendant argued that the trial court denied him his right to allocution and the Eighth District agreed. It noted that the defendant was not given the opportunity to address the new evidence that the trial court was relying on when determining the sentence it would impose upon the defendant. Id. at ¶ 12-13.
 {¶ 81} This court applied this same basic principle in Youngstown v.Czopur, 7th Dist. No. 99 CA 120, 2003-Ohio-4883, where we reversed a defendant's sentence because he was not given "the opportunity to speakafter the judgment was rendered." (Emphasis added) Id. at ¶ 11; see alsoMiddleburg Heights v. Sefcik, 8th Dist. No. 85370, 2005-Ohio-4575, at ¶ 7 (Trial court erred by not giving the defendant the opportunity to allocute "at the sentencing hearing."). Other courts have gone even further, requiring that a trial court give a criminal defendant the right to allocution on resentencing, even if he was given that right at his original sentencing hearing. State v. Bolton (2001),143 Ohio App.3d 185, 190.
 {¶ 82} "[T]he interest that is protected by the right to allocution is the opportunity for the defendant to address the court directly on his own behalf after all the information on which the sentencing court relies when pronouncing sentence has been presented." (Emphasis sic.) See State v. Brown, 166 Ohio App.3d 252, 2006-Ohio-1796, at ¶ 13. "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse" and courts must "painstakingly adhere" to the Rule. State v. Green,90 Ohio St.3d 352, 359-330, 2000-Ohio-0182.
 {¶ 83} In this case, the trial court relied on additional information at Robles' sentencing hearing that it did not have at the change of plea hearing. For instance, the transcript refers to "the most recent BMV printout" of Robles's traffic record and *Page 14 
the trial court specifically noted that there had been three capias warrants issued against Robles since he entered his plea. Tr. at 5. Crim.R. 32(A)(1) vests Robles with the opportunity to address these facts before the trial court enters it sentence. We cannot rely on the statements made at the plea hearing to accomplish this purpose, since they could not have addressed these facts.
 {¶ 84} In conclusion, the majority's opinion is mistaken because Robles was never given the opportunity to address the court on his own behalf after all the information on which the sentencing court relies when pronouncing sentence has been presented. Crim.R. 32(A)(1) states that a defendant be given the opportunity to make such a statementat the time he is sentenced, not by the time he is sentenced. The trial court erred when it failed to provide Robles with an opportunity to make a statement in his own behalf or present any information in mitigation of punishment, so his sentence should be reversed and this case remanded for resentencing.
 {¶ 85} This conclusion renders Robles' second assignment of error moot. We should not address whether the trial court abused its discretion when sentencing Robles since the trial court did not conform with Crim.R. 32(A)(1). *Page 1