[Cite as *State v. Knowlton*, 2012-Ohio-2350.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

State of Ohio,                              :

      Plaintiff-Appellee,                 :          Case No: 10CA31

      v.                                       :

                                               :          DECISION AND
Jerran K. Knowlton,                       :          JUDGMENT ENTRY

      Defendant-Appellant.              :          Filed:  May 21, 2012

APPEARANCES:

Dennis L. Sipe, BUELL & SIPE CO., L.P.A., Marietta, Ohio, for Appellant.

Paul G. Bertram, III, Marietta City Law Director, and Amy Brown Thompson, Marietta City Assistant Law Director, Marietta, Ohio, for Appellee.

Kline, J.:

{¶1} Jerran K. Knowlton (hereinafter "Knowlton") appeals the judgment of the Marietta Municipal Court.  After a jury trial, Knowlton was convicted of (1) operating a motor vehicle while impaired, (2) failure to control, and (3) failure to stop after an accident involving the property of others.  On appeal, Knowlton initially contends that insufficient evidence supports his failure-to-stop conviction.  We disagree.  After viewing the evidence in a light most favorable to the state, we find that any rational trier of fact could have found the essential elements of failure to stop proven beyond a reasonable doubt.  Next, Knowlton contends that the trial court erred when it imposed a driver's license suspension as part of his sentence for failure to stop.  Because the trial court was not authorized to impose a driver's license suspension under R.C. 4549.03, we

agree. As a result, we vacate the driver's license suspension that was imposed as part of Knowlton's failure-to-stop sentence. Finally, Knowlton contends that he received ineffective assistance of counsel. We disagree, in part, and find this argument moot, in part. First, because sufficient evidence supports Knowlton's failure-to-stop conviction, raising additional motion-for-acquittal arguments at the trial court level would have been futile. Therefore, as it relates to his sufficiency-of-the-evidence argument, Knowlton did not receive ineffective assistance of counsel. Second, because we vacate the driver's license suspension that was imposed as part of Knowlton's failure-to-stop sentence, the ineffective-assistance-of-counsel argument related to his driver's license suspension is moot. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court.

I.

{¶2} On May 2, 2010, at approximately 4:45 p.m., Knowlton drove his car into a telephone pole. Immediately thereafter, Knowlton drove his car several hundred feet down the road and parked on a side street. Knowlton said that he left the accident scene and drove down the road for safety purposes and to avoid "people rubbernecking[.]" Supplemental Transcript at 29. After parking on the side street, Knowlton remained with his car until Trooper Eric Knowlton (hereinafter "Trooper Eric") arrived on the scene.

{¶3} Trooper Eric was dispatched to the accident scene after somebody called in a one-vehicle crash. Initially, Trooper Eric saw the damaged telephone pole. A short time later, he found Knowlton parked on the side street. Trooper Eric approached him

and noticed the smell of alcohol on Knowlton's breath.  Then, after administering several field sobriety tests, Trooper Eric placed Knowlton under arrest.

{¶4} Knowlton was eventually charged with (1) operating a motor vehicle while impaired ("OVI"), (2) failure to control, and (3) failure to stop after an accident involving the property of others, a violation of R.C. 4549.03(A).

{¶5} The trial court held a jury trial on the OVI and failure-to-stop charges. Knowlton moved for acquittals on both of these charges at the close of the state's evidence.  The trial court, however, found sufficient evidence to proceed.  Later, Knowlton renewed his Crim.R. 29 motions for acquittal, but the trial court again found sufficient evidence to present the charges to the jury.

{¶6} Eventually, Knowlton was convicted of all three charges and sentenced accordingly.  For purposes of this appeal, it is relevant that the trial court imposed an eighteen-month driver's license suspension as part of Knowlton's sentence for failure to stop.  (The trial court also imposed a two-year driver's license suspension as part of Knowlton's OVI sentence.)

{¶7} Knowlton appealed, and Knowlton's original appellate counsel filed a brief under *Anders v. California* (1967), 386 U.S. 738.  Because we found an issue of arguable merit, we (1) allowed Knowlton's original appellate counsel to withdraw and (2) appointed new appellant counsel for Knowlton.

{¶8} With his new appellate counsel, Knowlton now asserts the following three assignments of error: I. "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION[] FOR ACQUITTAL AS TO THE OFFENSE OF FAILING TO STOP."  II. "THE TRIAL COURT ERRED WHEN IT IMPOSED A LICENSE

SUSPENSION AS TO THE OFFENSE OF FAILING TO STOP." And, III. "THE ACTS AND OMISSIONS OF TRIAL COUNSEL DEPRIVED APPELLANT OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

II.

**{¶9}** In his first assignment of error, Knowlton contends that insufficient evidence supports his failure-to-stop conviction. And for that reason, Knowlton argues that the trial court should have granted his Crim.R. 29 motion on the failure-to-stop charge. We disagree and find that sufficient evidence supports Knowlton's failure-to-stop conviction.

**{¶10}** We review the trial court's denial of a Crim.R. 29 motion for acquittal under a sufficiency-of-the-evidence standard. *State v. Turner*, Scioto App. No. 08CA3234, 2009-Ohio-3114, at ¶17, citing *State v. Bridgeman* (1978), 55 Ohio St.2d 261. When reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, we must "'examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502, at ¶33, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 319.

**{¶11}** The sufficiency-of-the-evidence test "raises a question of law and does not allow us to weigh the evidence." *Smith*, 2007-Ohio-502, at ¶34, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175. Instead, the sufficiency-of-the-evidence test "'gives

full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Smith*, 2007-Ohio-502, at ¶34, quoting *Jackson* at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." *Smith*, 2007-Ohio-502, at ¶34, citing *State v. Thomas* (1982), 70 Ohio St.2d 79, 79-80; *State v. DeHass* (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.

{¶12} Knowlton's first assignment of error pertains only to his failure-to-stop conviction. The relevant statute, R.C. 4549.03(A), provides the following: "The driver of any vehicle involved in an accident resulting in damage to real property, or personal property attached to real property, legally upon or adjacent to a public road or highway immediately shall stop and take reasonable steps to locate and notify the owner or person in charge of the property of that fact, of the driver's name and address, and of the registration number of the vehicle the driver is driving and, upon request and if available, shall exhibit the driver's or commercial driver's license.

{¶13} "If the owner or person in charge of the property cannot be located after reasonable search, the driver of the vehicle involved in the accident resulting in damage to the property, within twenty-four hours after the accident, shall forward to the police department of the city or village in which the accident or collision occurred, or if it occurred outside the corporate limits of a city or village to the sheriff of the county in which the accident or collision occurred, the same information required to be given to the owner or person in control of the property and give the location of the accident and a description of the damage insofar as it is known."

i.

{¶14} Knowlton initially advances an argument based on R.C. 4549.03(A)'s twenty-four-hour-notification requirement.  According to Knowlton, the state "did not call either a member of the Washington County Sherriff's Department or the Marietta Police Department to establish that [Knowlton] did not contact one of the departments within the twenty-four [hour] time period."  Brief of Appellant at 7.  Thus, according to Knowlton, "the state did not prove all of the essential elements of the offense."  Id.

{¶15} Because Knowlton did not undertake a reasonable search, the state was not required to prove that he failed to contact the proper authorities within twenty-four hours.  R.C. 4549.03(A) "clearly and unequivocally requires the driver of a vehicle involved in an accident resulting in damage to property to *immediately* stop and take reasonable steps to locate and notify the owner of the damaged property.  Thus, in order to convict appellant of violating R.C. 4549.03, the state had to show that appellant did not stop and take those reasonable steps."  *State v. Cecil* (Jan. 31, 2000), Brown App. No. CA99-06-020 (emphasis sic).  And here, the evidence demonstrates that Knowlton made no effort to immediately locate the owner of the damaged property.  Knowlton's own testimony supports this conclusion.

{¶16} "Q. So the question is, you did not immediately stop and take steps to find the owner of any property that was damaged, you --

{¶17} "A. Yeah, I immediately stopped.  I just ran into a telephone pole.

{¶18} "Q. -- I mean, you didn't get out and look for any property owners or anything else that was damaged, you just got back in the car and drove off?

**{¶19}** "A. I got back in the car and yeah, I drove to where I needed to be."

Supplemental Transcript at 50.

**{¶20}** Based on this testimony, any rational trier of fact could have inferred that

Knowlton did not undertake the reasonable search required by R.C. 4549.03(A). And

because Knowlton failed to undertake the necessary search, the twenty-four-hour-

notification period is irrelevant. "[I]t is our duty to give meaning and effect to the plain

language of the statute as set forth by the General Assembly." *In re A.B.*, 110 Ohio

St.3d 230, 2006-Ohio-4359, at ¶33, citing R.C. 1.42. And here, R.C. 4549.03(A) clearly

states that the twenty-four-hour-notification period applies only "[*i*]*f* the owner or person

in charge of the property cannot be located after reasonable search[.]" R.C. 4549.03(A)

(emphasis added). Because he did not undertake the necessary search, Knowlton did

not trigger the twenty-four-hour-notification period. And as a result, the state was not

required to prove that Knowlton failed to notify the proper authorities within twenty-four

hours.

ii.

**{¶21}** In his second sufficiency-of-the-evidence argument, Knowlton contends

that he had neither the time nor the opportunity to locate the owner of the damaged

property. Knowlton's argument, however, fails under the plain language of R.C.

4549.03(A). (Knowlton claims that "[t]he only damage that was caused by [his] vehicle

was to a telephone pole." Brief of Appellant at 7. However, Trooper Eric testified that,

while at the accident scene, he saw "damage to * * * personal property." Transcript at

101.)

**{¶22}** To demonstrate that he had neither the time nor the opportunity to locate the owner of the damaged property, Knowlton relies on *State v. Spence*, Clermont App. No. CA2002-02-012, 2002-Ohio-3600. In *Spence*, the defendant pled no contest to failure to stop under R.C. 4549.02. The court explained that the defendant "was driving a friend's vehicle when he lost control during inclement weather and struck a utility pole at approximately 2:00 a.m. on December 12, 2001. [The Defendant] and the others left the vehicle at the scene and walked to the nearby house of the owner of the vehicle. Within the hour, [the defendant] was arrested by a police officer who responded to the scene of the accident and eventually came to the residence after tracing the address of the owner of the vehicle." Id. at ¶3.

**{¶23}** On appeal, the Twelfth Appellate District found that "the explanation of circumstances [was] insufficient to warrant a guilty finding under R.C. 4549.02." *Spence* at ¶12. Instead, the court noted that "[t]he facts of [*Spence*] are more compatible with R.C. 4549.03 as they involve a collision with property located adjacent to a highway. Given that R.C. 4549.03 applies, it is highly unlikely that [the defendant] could have readily determined the owner of the utility pole at 2:00 a.m., or that he had an adequate opportunity to identify the owner of the utility pole before being arrested. Furthermore, [the defendant] was still well within the 24-hour period for reporting such an accident when he was arrested." *Spence* at ¶13.

**{¶24}** Knowlton asks us to follow *Spence* and find that he had neither the time nor the opportunity to locate the owner of the damaged property. For several reasons, however, we choose not to rely on *Spence*. Significantly, *Spence* involved a conviction under R.C. 4549.02, not R.C. 4549.03. And because the *Spence* court held that the

explanation of circumstances was insufficient to support a conviction under R.C. 4549.02, the opinion's discussion of R.C. 4549.03 is mere dicta.  As we recently noted, dicta "is '[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.'"  *Dunn v. Ransom*, Pike App. No. 10CA806, 2011-Ohio-4253, at ¶48, quoting Black's Law Dictionary (9th Ed.2009) (alteration sic).  "'The problem with dicta, and a good reason that it should not have the force of precedent for later cases, is that when a holding is unnecessary to the outcome of a case, it may be made with less care and thoroughness than if it were crucial to the outcome.'"  *Dunn* at ¶49, quoting *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, at ¶89 (O'Donnell, J., concurring and dissenting in part) (other internal quotation omitted).  Accordingly, we choose not to rely on the dicta in *Spence*.

{¶25} Furthermore, even if we found *Spence*'s discussion of R.C. 4549.03 to be something other than dicta, we would still find that *Spence* misapplies the statute.  Under the plain language of R.C. 4549.03, an individual must immediately stop and take reasonable steps to locate and notify the owner of the damaged property.  See, generally, *State v. Smith*, Stark App. No. 2010-CA-00335, 2011-Ohio-3206, at ¶48 ("The word 'shall' is usually interpreted to make the provision in which it is contained mandatory."), citing *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107.  In *Spence*, however, the court disregarded the reasonable-search requirement and found that it was highly unlikely that the defendant could have readily determined the owner of the utility pole.  This finding, in effect, reads the reasonable-search requirement out of R.C. 4549.03 in certain circumstances.  But nothing in the plain

language of R.C. 4549.03 supports *Spence*'s application of the reasonable-search requirement. Instead, R.C. 4549.03 clearly indicates that a reasonable search is mandatory to avoid criminal liability for failure to stop. Therefore, we disagree with the dicta in *Spence*.

iii.

**{¶26}** Thus, after viewing the evidence in a light most favorable to the state, we find that any rational trier of fact could have found all the essential elements of failure to stop proven beyond a reasonable doubt. As a result, we overrule Knowlton's first assignment of error.

III.

**{¶27}** In his second assignment of error, Knowlton contends that the trial court erred when it imposed a driver's license suspension as part of his sentence for failure to stop. Knowlton argues that R.C. 4549.03 does not authorize a driver's license suspension. The state concedes this assignment of error, and we agree that the trial court erred.

**{¶28}** "[W]e review a misdemeanor sentence for an abuse of discretion." *State v. Leeth*, Pike App. No. 05CA745, 2006-Ohio-3575, at ¶6, citing R.C. 2929.22(A). See, also, *State v. Hughley*, Cuyahoga App. Nos. 92588 & 93070, 2009-Ohio-5824, at ¶7. "An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment." *Leeth* at ¶6, citing *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151.

**{¶29}** The present case, however, requires us to interpret and apply various sections of the Ohio Revised Code. To the extent that we must interpret and apply

these statutes, our review is de novo.  See *Roberts v. Bolin*, Athens App. No. 09CA44,

2010-Ohio-3783, at ¶20, quoting *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506

("'When interpreting statutes and their application, an appellate court conducts a *de

novo* review, without deference to the trial court's determination.'").

**{¶30}** Based on our interpretations of R.C. 2929.27(A)(13) and R.C. 4549.03, we

find that the trial court was not authorized to suspend Knowlton's driver's license as part

of his failure-to-stop conviction.  R.C. 2929.27(A)(13) provides the following: "Except

when a mandatory jail term is required by law, the court imposing a sentence for a

misdemeanor, other than a minor misdemeanor, may impose upon the offender any

nonresidential sanction or combination of nonresidential sanctions authorized under this

division.  Nonresidential sanctions include, but are not limited to, the following: * * * *If*

*authorized by law*, suspension of the offender's privilege to operate a motor vehicle,

immobilization or forfeiture of the offender's motor vehicle, a requirement that the

offender obtain a valid motor vehicle operator's license, or any other related sanction[.]"

(Emphasis sic.)

**{¶31}** In interpreting R.C. 2929.27(A)(13) and R.C. 4549.03, we agree with the

Third Appellate District's reasoning in *State v. Ledley*, Union App. No. 14-09-39, 2010-

Ohio-1260.  In *Ledley*, the court held that "[n]othing in R.C. 4549.03 authorizes a court

to suspend the driver's license of a person who violates this section unlike various other

offenses contained in Title 45 regarding violations of the law involving motor vehicles.

For instance, R.C. 4549.02, entitled Stopping after accident; exchange of identity and

vehicle registration, and R.C. 4549.021, entitled Stopping after accident involving injury

to persons or property, specifically mandate that a trial court impose a class five

suspension of the offender's driver's license under certain circumstances. However, another example, R.C. 4511.75, entitled Stopping for school bus; signals, provides that a court *may* impose a class seven driver's license suspension on an offender. R.C. 4511.75(F)(2). Yet, R.C. 4549.03 contains no similar provision.

**{¶32}** "Given the General Assembly's decision to designate which offenses it renders worthy of a license suspension and its specific language in R.C. 2929.27(A)(13) that a license suspension for misdemeanors is allowed *if* authorized by law, we find that a license suspension for a violation of R.C. 4549.03(A) is not authorized. Therefore, the trial court did not have authority to suspend Ledley's license in the case sub judice." *Ledley* at ¶10-11 (emphasis sic).

**{¶33}** We agree with *Ledley* and apply its reasoning to the present case. Accordingly, the trial court did not have the authority to suspend Knowlton's driver's license as part of his failure-to-stop conviction, and we sustain Knowlton's second assignment of error. Therefore, we choose to modify Knowlton's judgment entry by vacating *only* the driver's license suspension that was imposed as part of his sentence for failure to stop. App.R. 12(A)(1)(a) & (B). Under our decision, the rest of Knowlton's sentence -- including the license suspension for OVI -- remains intact.

IV.

**{¶34}** In his third assignment of error, Knowlton contends that he received ineffective assistance of counsel for two different reasons. First, Knowlton contends that, on the failure-to-stop charge, his trial counsel should have made additional arguments in support of the Crim.R. 29 motion for acquittal. Essentially, Knowlton argues that his trial counsel should have raised the failure-to-stop arguments that we

rejected in Knowlton's first assignment of error.  Second, Knowlton contends that his trial counsel should have objected to the driver's license suspension that was imposed as part of Knowlton's failure-to-stop conviction.  In other words, Knowlton argues that his trial counsel should have raised the meritorious arguments contained in Knowlton's second assignment of error.

**{¶35}** "In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness."  *State v. Norman*, Ross App. Nos. 08CA3059 & 08CA3066, 2009-Ohio-5458, at ¶65 (internal quotations omitted); see, also, *State v. Wright*, Washington App. No. 00CA39, 2001-Ohio-2473; *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155-56, cert. den. *Hamblin v. Ohio* (1988) 488 U.S. 975.  To secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient * * *[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense * * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland v. Washington* (1984), 466 U.S. 668, 687.  See, also, *Norman* at ¶65.  "Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements."  *State v. Hall*, Adams App. No. 07CA837, 2007-Ohio-6091, at ¶11, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, at ¶205.

**{¶36}** In overruling Knowlton's first assignment of error, we found that sufficient evidence supports his failure-to-stop conviction.  Therefore, we find that it would have been futile to raise additional failure-to-stop arguments at the trial court level.  "[T]he

failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel and is not prejudicial." *State v. Witherspoon*, Cuyahoga App. No. 94475, 2011-Ohio-704, at ¶33, citing *State v. Henderson*, Cuyahoga App. No. 88185, 2007-Ohio-2372; *Defiance v. Cannon* (1990), 70 Ohio App.3d 821, 826-27. Accordingly, as it relates to the motion for acquittal, we reject Knowlton's ineffective-assistance-of-counsel argument.

{¶37} In sustaining Knowlton's second assignment of error, we found that the trial court should not have imposed a driver's license suspension as part of Knowlton's sentence for failure to stop. As a result, we vacated that portion of Knowlton's sentence. Therefore, as it relates to the driver's license suspension, we find that Knowlton's ineffective-assistance-of-counsel argument is moot. See App.R. 12(A)(1)(c).

{¶38} Accordingly, we overrule, in part, and find moot, in part, Knowlton's third assignment of error.

V.

{¶39} In conclusion, we overrule Knowlton's first assignment of error and sustain his second assignment of error. As a result, we vacate *only* the driver's license suspension that was imposed as part of Knowlton's sentence for failure to stop. The rest of his total combined sentence for OVI, failure to stop, and failure to control remains fully intact. Finally, we overrule, in part, and find moot, in part, Knowlton's third assignment of error. Accordingly, we affirm, in part, and reverse, in part, the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

**JUDGMENT AFFIRMED, IN PART, REVERSED, IN PART,
AND CAUSE REMANDED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED, IN PART, REVERSED, IN PART, and this CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion.  Appellant and Appellee shall pay equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
    Roger L. Kline, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**