[Cite as *State v. McKinnon*, 2013-Ohio-2324.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No.  12CA3337 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| JOSEPH F. MCKINNON, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 05/31/13** |

_____
APPEARANCES:

Chase B. Bunstine, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Joseph F. McKinnon appeals from the judgment entry of the Ross County Court of Common Pleas sentencing him to the maximum term of six months (180 days) incarceration for a first degree misdemeanor theft. Appellant contends the trial court erred by imposing the maximum sentence because (1) the trial court's reasoning did not comport with conditions for maximum sentence, set forth in R.C. 2929.22(C); and (2) the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470, invalidated R.C. 2929.22(C), which was utilized by the trial

court in sentencing Appellant. However, having reviewed the record, we find Appellant has completed his sentence. Both assignments of error challenge only the length of Appellant's sentence. Because there is no issue as to the validity of the underlying conviction, there is no relief which can be granted Appellant. Therefore, we affirm the judgment of the trial court.

FACTS

{¶2} On April 25, 2010, Appellant was riding as a passenger in a pickup truck driven by James Blevins. A Ross County Sheriff's deputy stopped the truck to investigate a reported theft from Tractor Supply Company. Two stolen items with a total value of $559.98 were located in the truck. Blevins admitted stealing the items. Blevins and Appellant were arrested for grand theft. An employee of the Tractor Supply Company identified the stolen property and two males she saw putting the property into the pickup truck. The property was recovered.

{¶3} Appellant was subsequently indicted for grand theft, a violation of R.C. 2913.02(A)(1), and a felony of the fifth degree. On November 2, 2010, Appellant entered a guilty plea pursuant to plea negotiations. At the time of Appellant's plea, an individual convicted of a fifth degree felony could be sentenced to a maximum of twelve months in prison. The State

recommended a six-month prison sentence.  The case was scheduled for disposition on January 6, 2011.

{¶4}  Appellant failed to appear at the disposition hearing.  He was not again in custody until July 17, 2012. Between November 2, 2010 and July 17, 2012, House Bill 86 was enacted.  One of the effects of the legislation was to amend R.C.  2913.02(A)(1), thereby making thefts under $1,000.00  misdemeanors of the first degree instead of a felonies of the fifth degree. As such, the maximum sentence for Appellant's crime was now a possible six months in jail.

{¶5}  Appellant was sentenced on July 27, 2012.  The trial judge ordered Appellant to serve six months in the Ross County Jail.  The trial court based its sentence on Appellant's two previous felony convictions in 1999 (robbery and receiving stolen property) and his failure to appear in January 2011. Appellant was also ordered to pay court costs.  There was no order of restitution.

{¶6}  McKinnon filed a timely appeal. According to the criminal docketing statement filed with the appeal, the trial court did not stay execution of the sentence and a stay was not requested in the court of appeals.

I.  THE TRIAL COURT ERRED BY SENTENCING
APPELLANT TO THE MAXIMUM SENTENCE FOR
A FIRST DEGREE MISDEMEANOR ON THE
GROUNDS THAT APPELLANT'S CONVICTIONS
FROM 1999 AND FAILURE TO SHOW UP AT
DISPOSITION MADE IMPOSITION OF THE
LONGEST JAIL TERM NECESSARY TO DETER
APPELLANT FROM COMMITTING FUTURE
CRIMES.

II. THE TRIAL COURT ERRED BY SENTENCING
APPELLANT TO THE MAXIMUM SENTENCE
BECAUSE STATE OF OHIO V. BROOKS HELD
THAT THE EFFECT OF THE OHIO SUPREME
COURT'S DECISION IN STATE OF OHIO V.
FOSTER INVALIDATED O.R.C. 2929.22(C),
WHICH WAS CONSIDERED BY THE TRIAL
COURT IN THIS MATTER IN DETERMINING
THE APPROPRIATE SENTENCE FOR APPELLANT.

A. STANDARD OF REVIEW

{¶7}  "[W]e review a misdemeanor sentence for an abuse of

discretion."  *State v. Knowlton,* 4th Dist. No. 10CA31, 2012-Ohio-2350, 971

N.E.2d 395 (May 21, 2012), ¶ 28, citing *State v. Leeth*, 4th Dist. No.

05CA745, 2006-Ohio-3575, at ¶ 6, citing R.C. 2929.22(A).  "An abuse of

discretion implies that a court's ruling is unreasonable, arbitrary, or

unconscionable; it is more than an error in judgment."  *Knowlton,* supra;

*Leeth* at ¶6, citing *State ex rel. Richard v. Seidner,* 76 Ohio St. 3d 149, 151,

666 N.E.2d 1134 (1996). Ordinarily we would review Appellant's sentence

under this standard. However, for the reasons which follow, we find the issues raised in this appeal to be moot.

## B. LEGAL ANALYSIS

{¶8} The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). In his first assignment of error, Appellant contends the trial court did not base the maximum jail sentence on the available statutory considerations set forth in R.C. 2929.22(C). The relevant portion provides as follows:

> "A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrates that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."

{¶9} A trial court may impose a definite jail term of not more than one hundred eighty days (six months) for a misdemeanor of the first degree. R.C. 2929.24. Appellant complains of the trial court's comments that indicating he would have sentenced Appellant to more than six months "if he were able to" and that the Appellant had "benefited by not showing up." In Appellant's view, the trial court's above statements, and others, were contrary to the considerations of R.C. 2929.22(C). Appellant essentially

argues (1) his theft conviction was not one of the "worst forms of the offense" and (2) having lived a crime-free path as evidenced by the 11-year gap between theft-related offenses, the maximum sentence was not necessary to deter him from further crime.

{¶10} Appellant's second assignment of error asserts a proposition of law borrowed from *State v. Brooks*, 7th Dist. No. 05MA31, 2006-Ohio-410, that the Supreme Court of Ohio's holding in *State v. Foster,* 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470, must be applied to invalidate R.C. 2929.22(C). *Brooks* discussed *Foster* at length. In *Foster,* the Court decided, among other issues, that statutes requiring judicial findings prior to imposition of maximum, non-minimum, or consecutive sentences violated Sixth Amendment right to jury trial on facts relied upon in enhancing sentence. The *Brooks* court compared R.C. 2929.22(C), the misdemeanor sentencing statute, to the invalidated felony statute in *Foster.* The *Brooks* court also discussed the Sixth Amendment right to jury trial, and stated "the jury trial right of a petty offender is violated when the sentencing judge is required by statute to make factual findings in order to impose a maximum sentence where those certain maximum sentence facts were not determined by a jury or admitted by the pleading defendant." Appellant contends the use of R.C. 2929.22(C) to determine his sentence and the factual findings

regarding his prior record and failure to appear were facts not determined by a jury.  Appellant asks this court to vacate his sentence and remand for new sentencing.

{¶11}  We find the issue raised in this case similar to that previously considered in *State v. Popov,* 4th Dist. No. 10C26, 2011-Ohio-372. Popov had been convicted of robbery and sentenced to a four-year prison term.  He was later granted early judicial release.  Popov raised assignments of error which related to the length of his sentence. He did not challenge the underlying conviction. We noted Popov had been released from prison at the time of the appeal. We held:

> "An appeal challenging a felony conviction is justiciable, i.e., not moot, even if the defendant has served sentenced because the defendant 'has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her.'"  *Popov,* ¶ 5, quoting *State v. Golston,* 71 Ohio St. 3d 224, 643 N.E. 2d 109, at paragraph one of the syllabus.

> "However, the same logic does not apply where the defendant is solely appealing the length of sentence." *Popov*, ¶ 6.  An appeal challenging only the length of a sentence becomes moot after the defendant has served the sentence."  Id., see *State v. Adams,* 8th Dist. No. 85267, 2005-Ohio-3837, at ¶ 5; see also *State v. Howard*, 4th Dist. No. 89CA1840, 1991 WL 28326, (Feb. 26,1991) at *3.  "This is because when the defendant has served his punishment, 'there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of the sentence in the absence of a reversal of the underlying conviction.* * *[A]nd no relief can be granted * * * subsequent to the completion of the sentence if the underlying

conviction itself is not at issue." *State v. Bostic,* 8th Dist. No. 84842, 2005-Ohio-2184, at ¶ 22, quoting *State v. Beamon,* 11th Dist. No. 2000-L-160, 2001 WL 1602656, (Dec. 14, 2001) at *1."

{¶12} In the case sub judice, Appellant was sentenced on July 27, 2012 to a maximum six-month jail term. The record indicates he had been in custody since July 17, 2012, due to his arrest on the warrant issued when he failed to appear in January 2011. He was given credit for twenty days previously served. The record also reflects Appellant did not request a stay of execution in the trial court, nor in this court. It appears that Appellant's remaining 160 days of jail were served and completed on or about January 3, 2012.

{¶13} As in *Popov,* Appellant has served his jail term and does not challenge any aspect of the underlying theft conviction. He has suffered no collateral disability or loss of civil rights that can be remedied because the underlying conviction is not at issue. An appeal in Appellant's favor on the issue of maximum sentence would grant him no relief as he has already been released from incarceration on this charge. Accordingly, we reject Appellant's assignments of error as moot.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs herein be taxed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.: Concurs in Judgment and Opinion.
Abele, J:   Concurs in Judgment Only.

For the Court,

BY:   _____
       Matthew W. McFarland
       Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**