[Cite as *State v. Sellers*, 2017-Ohio-4020.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee                      Court of Appeals No. L-16-1134

    Appellee                                  Trial Court No. 16TRD01594

v.

Brook C. Sellers                                  **DECISION AND JUDGMENT**

    Appellant                                 Decided:  May 26, 2017

* * * * *

Douglas A. Wilkins, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, Brook Sellers, appeals the judgment of the Maumee Municipal Court, sentencing her to 180 days in jail, imposing a $400 fine, and suspending her driver's license following her plea of no contest to one count of failure to stop.

## A. Facts and Procedural Background

**{¶ 2}** On March 14, 2016, appellant was backing her white Jeep out of a parking space at a restaurant in Maumee, Ohio, when she hit a parked automobile. Appellant fled the scene without stopping, but a bystander was able to record her license plate number, which was then forwarded to Maumee police. Eventually, appellant was cited for leaving the scene of an accident on private property in violation of R.C. 4549.021.

**{¶ 3}** Approximately three months later, appellant appeared before the trial court and entered a plea of no contest to an amended charge of failure to stop in violation of R.C. 4549.03, a misdemeanor of the first degree. Following a Crim.R. 11 colloquy, the court accepted appellant's no contest plea, and found her guilty of the amended charge. The court immediately proceeded to sentencing, at which point appellant was ordered to serve 180 days in prison, with 174 of those days suspended on the condition that she not commit any alcohol related offenses for a period of three years. Appellant was directed to serve three of her remaining six days in a drivers' intervention program, with the final three days to be spent on electronic house monitoring. In addition to the foregoing, the trial court ordered appellant to pay a $400 fine, plus court costs, and suspended appellant's license for a period of 365 days.

**{¶ 4}** Thereafter, appellant filed a timely notice of appeal.

2.

## B. Assignment of Error

**{¶ 5}** On appeal, appellant raises the following assignment of error for our review:

The lower court erred in imposing a one year license suspension as part of appellant's sentence for failing to stop under R.C. 4549.03.

## II. Analysis

**{¶ 6}** In her sole assignment of error, appellant asserts that the trial court was without authority to suspend her license at sentencing upon its finding her guilty of violating R.C. 4549.03.

**{¶ 7}** The standard of review for a misdemeanor sentence is whether the trial court abused its discretion. *City of Cleveland v. Meehan*, 8th Dist. Cuyahoga No. 100202, 2014-Ohio-2265, ¶ 7. "The term 'abuse of discretion' implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 8}** When sentencing on a misdemeanor, a trial court "shall be guided by the overriding purposes of misdemeanor sentencing." R.C. 2929.21(A). These purposes include protecting the public from future crime and punishing the offender. *Id.* Included in the trial court's range of sentencing options is the authority to suspend the offender's driver's license. R.C. 2929.27(A)(13). "However, a court may only suspend this privilege '[i]f authorized by law[.]'" *State v. Ledley*, 3d Dist. Union No. 14-09-39, 2010-Ohio-1260, ¶ 9, quoting R.C. 2929.27(A)(13).

3.

**{¶ 9}** R.C. 4549.03(B) states: "Whoever violates division (A) of this section is guilty of failure to stop after an accident involving the property of others, a misdemeanor of the first degree." Nothing in R.C. 4549.03 authorizes a court to suspend the driver's license of a person who violates this section. Notably, similar offenses do contain such language. *See* R.C. 4549.02(B)(4) ("In all cases, the court, in addition to any other penalties provided by law, shall impose upon the offender a class five suspension of the offender's driver's license * * *."); R.C. 4549.021(B)(4) ("In all cases, the court, in addition to any other penalties provided by law, shall impose upon the offender a class five suspension of the offender's driver's license * * *.); R.C. 4511.75(F)(2) ("In addition to and independent of any other penalty provided by law, the court or mayor may impose upon an offender who violates this section a class seven suspension of the offender's driver's license * * *.").

**{¶ 10}** Upon consideration of the foregoing statutes, the court in *Ledley*, *supra*, reasoned:

> Given the General Assembly's decision to designate which offenses
> it renders worthy of a license suspension and its specific language in R.C.
> 2929.27(A)(13) that a license suspension for misdemeanors is allowed *if*
> authorized by law, we find that a license suspension for a violation of R.C.
> 4549.03(A) is not authorized. Therefore, the trial court did not have
> authority to suspend [the offender's] license in the case sub judice.

(Emphasis sic.) *Ledley* at ¶ 11; *see also State v. Knowlton*, 4th Dist.

4.

Washington No. 10CA31, 2012-Ohio-2350, ¶ 33 (adopting the Third District's reasoning in *Ledley* and holding that the trial court did not have the authority to suspend the offender's driver's license pursuant to a failure-to-stop conviction).

{¶ 11} Having examined the rationale behind the decisions in *Ledley* and *Knowlton*, we agree with appellant that the trial court did not possess the authority to suspend her driver's license upon its acceptance of her no contest plea for failure to stop under R.C. 4549.03. Accordingly, the court abused its discretion in suspending appellant's license, and we find that appellant's sole assignment of error is well-taken.

{¶ 12} Pursuant to App.R. 12(A)(1)(a) and (B), we modify appellant's sentence by vacating the driver's license suspension. The remainder of appellant's sentence is undisturbed.

### III. Conclusion

{¶ 13} Based on the foregoing, the judgment of the Maumee Municipal Court is reversed and its suspension of appellant's driver's license is hereby vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE